UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SAMMY R. SCARBOROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-10 |
| | ) | (VARLAN/SHIRLEY) |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 10 and 11] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 12 and 13]. Plaintiff Sammy R. Scarborough ("Plaintiff") seeks judicial review of the decision by Administrative Law Judge ("ALJ"), the final decision of the Defendant Carolyn W. Colvin, Commissioner of Social Security ("the Commissioner").

On February 27, 2009, the Plaintiff filed an application for a period of disability, disability insurance benefits, and/or supplemental security income, claiming a period of disability which began on September 1, 2007. [Tr. 93-99]. After his application was initially denied and denied again upon reconsideration, the Plaintiff requested a hearing. [Tr. 53]. On July 6, 2010, a hearing was held before an ALJ to review the Plaintiff's claim. [Tr. 28-43]. On September 16, 2010, the ALJ found that the Plaintiff was not disabled. The Appeals Council

1

denied the Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner.

The Plaintiff now seeks judicial review of the Commissioner's decision.

## I. ALJ FINDINGS

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2011.

2. The claimant has not engaged in substantial gainful activity since September 1, 2007, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following combination of severe impairments: ankle pain status post surgery, chronic shoulder pain, left inguinal hernia status post surgery, and cubital tunnel syndrome (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he can do no more than occasional climbing; he can do no more than occasional reaching with his left non-dominant hand but can do frequent reaching with his right dominant hand; and he requires a sit/stand option every 60 minutes.

6. The claimant is capable of performing past relevant work as a home construction business owner and worker as he described the work he did. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2007, through the date of this decision (20 CFR 404.1520(f)).

2

Case 3:12-cv-00010-TAV-CCS   Document 14   Filed 06/14/13   Page 2 of 11   PageID #: 83

[Tr. 18-22].

## II. DISABILITY ELIGIBILITY

To qualify for SSI benefits, a plaintiff must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202. An individual is eligible for SSI if he has financial need and he is aged, blind, or under a disability. See 42 U.S.C. § 1382(a).

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical and/or mental impairments are of such severity that he is not only unable to do his previous work, but also cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

3

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant bears the burden of proof at the first four steps. Id. The burden of proof shifts to the Commissioner at step five. Id. At step five, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)

4

(quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving her entitlement to benefits. Boyes v. Sec'y of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV.   POSITIONS OF THE PARTIES

The Plaintiff objects on two specific grounds. First, he argues that the ALJ committed error when he found that the Plaintiff was able to perform past relevant work. [Doc. 11 at 4]. Second, the Plaintiff asserts that the Commissioner has not met the burden of identifying a significant number of jobs in the economy that accommodate the Plaintiff's residual functional capacity. [Id. at 6].

The Commissioner responds that substantial evidence supports the ALJ's conclusion that the Plaintiff is capable of performing past relevant work and is not disabled. [Doc. 13 at 3]. In addition, the Commissioner argues that the ALJ was not required to identify a significant number of jobs in the economy because the Plaintiff failed to prove that he is unable to perform past relevant work. [Id. at 7].

## V.   ANALYSIS

The Court will address each of the Plaintiff's arguments in turn.

### A.   Past Relevant Work

The Plaintiff argues that given the physical limitations in his residual functional capacity, he is not able to perform a full range of light work.[1] He asserts that there are two limitations that

---

[1] The Plaintiff does not argue that the residual functional capacity determination is wrong, and therefore, that issue is deemed waived. See Slater v. Potter, 28 F. App'x 512, 513 (6th Cir. 2002) ("Arguments that are not specifically raised on appeal are considered abandoned and not reviewable.").

6

prevent him from performing light work: (1) he cannot regularly use his left hand and (2) he requires a sit/stand option every sixty minutes. In addition, he argues that the descriptions of his past relevant work provided in the Dictionary of Occupational Titles ("DOT") and Occupational Information Network ("O*NET")[2] are not consistent with light work.

The ALJ found that the Plaintiff was capable of performing light work with the following restrictions: he can do no more than occasional climbing; he can do no more than occasional reaching with his left non-dominant hand but can do frequent reaching with his right dominant hand; and he requires a sit/stand option every 60 minutes.

The Code of Federal Regulations provides the following definition of "light work":

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

The Plaintiff argues that he is unable to substantially perform all the activities listed in 20 C.F.R. § 404.1567(b). The cited Regulation purports to define only the requirements for the full range of light work. Here, the ALJ limited the Plaintiff's ability to perform a full or wide range of light work by describing certain restrictions that the Plaintiff had to follow. See also Borg v. Comm'r of Soc. Sec., No. 11-11210, 2011 WL 6955719, at *7 (E.D. Mich. Dec. 11, 2011)

---

[2] O*NET is a computer system that uses "common language and terminology to describe occupational requirements, [which] supercedes the seventy-year old Dictionary of Occupational Titles with current information that can be accessed online or through a variety of public and private sector career and labor market information systems. Crider v. Highmark Life Ins. Co., 458 F. Supp. 2d 487, 518 n. 19 (W.D. Mich. 2006) (quoting http://www.doleta.gov/programs/onet/.)

("Notably, [p]laintiff was not found to be able to do a 'full range of light work,' so he did not have to be able to perform all the activities in [20 C.F.R. § 404.1567(b)].").[3] Accordingly, the Plaintiff's argument that he cannot perform a full range of light of work is without merit because the ALJ did not find that he could perform a full range of light work.

The Plaintiff also argues that he is not capable of performing past relevant work because the descriptions provided in the DOT and O*NET would not allow someone with his limitations to work in the construction trade.

The ALJ found that the Plaintiff was capable of performing past relevant work as a home construction business owner and worker. [Tr. 22]. The ALJ stated that this job is "light exertion as performed by the claimant and skilled." [Tr. 22]. In addition, the ALJ took administrative notice that "an individual with the same age, education, and past work as the claimant with the residual functional capacity as stated above could perform the claimant's past relevant work as a home construction business owner and worker." [Tr. 22]. Finally, the ALJ concluded that the Plaintiff is "able to perform it as actually performed by the claimant and as generally performed in the national economy." [Tr. 22].

Although the Plaintiff argues that the description provided in the DOT is inconsistent with the Plaintiff's capabilities, the "Sixth Circuit has rejected the argument that the ALJ is bound by the DOT's definition of occupations, holding that 'the ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's definitions.'" O'Neal v. Comm'r of Soc. Sec., No. 1:12-cv-246, 2013 WL 620377, at *7 (S.D. Ohio Feb. 19, 2013)

---

[3] The Court also acknowledges that a "sit/stand option does not . . . preclude jobs at the light work level." Wilcox v. Astrue, No. 1:11-cv-853, 2012 WL 3238753, at * 3 (N.D. Ohio Aug. 7, 2012). Furthermore, the Plaintiff has not cited to any rule or regulation that supports his claim that he cannot engage in light work due to his left hand limitation.

8

(quoting Wright v. Massanari, 321 F.3d 611, 616 (6th Cir. 2003)); see also Patterson v. Comm'r of Soc. Sec., No. 1:09-cv-413, 2010 WL 774678, at *3 (W.D. Mich. Mar. 1, 2010) ("The DOT is somewhat limited in that it classifies jobs in terms of skill and exertional (strength) demands. It does not address nonexertional limitations, such as a need for a sit/stand option."); Social Security Ruling 00-4p, 2000 WL 1898704 (Dec. 4, 2000) (noting that "[t]he DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings"). In addition, although the Sixth Circuit has indicated that reliance on O*NET may be appropriate when the information listed in the DOT is outdated, the Plaintiff makes no such argument. See Cunningham ex rel. v. Astrue, 360 F. App'x 606, 614-16 (6th Cir. 2010).

Finally, the Plaintiff very briefly asserts that his restrictions are inconsistent with his past relevant work. Pursuant to 20 C.F.R. § 404.1560(b)(2), the ALJ may determine whether a plaintiff is capable of performing past relevant work by asking the plaintiff information about the work he/she has done in the past. In the present matter, the Plaintiff testified that he previously owned a business that employed two or three employees. [Tr. 33]. He stated that his employees did most of the heavy work and that he supervised. [Tr. 34]. In response to why he was unable to continue supervising, the Plaintiff testified:[4]

> Swelling in my left, the pain--and most of the swelling, it got--since about 44, 45, I've been having to elevate my leg a lot more. I can't really sit in a chair to elevate it. I've got to lay back and get it above my heart, and when I do that, about two hours in the morning, and when the woman would come home, she sometimes would make me lay back down, and she'd say your leg's swelled, you've got to get up. Pretty much right now I'm trying to do things so it won't get worse.

[Tr. 35].

---

[4] The following testimony is reproduced without corrections for grammar.

The Court finds that this does not indicate an inability to continue supervising, and the decision of the ALJ that the Plaintiff is capable of performing past relevant work is supported with substantial evidence. The Plaintiff has the burden to establish that he is incapable of performing past relevant work, although "the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed or as ordinarily required by employers through the national economy." D'Angelo v. Comm'r of Soc. Sec., 475 F. Supp. 2d 716, 723-24 (W.D. Mich. 2007) (citing Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987)); see also 20 C.F.R. § 404.1520(f) ("[W]e will compare your residual functional capacity . . . with the physical and mental demands of your past relevant work."). The ALJ relied upon the Plaintiff's own testimony in finding that he is able to supervise. Accordingly, the Court finds his argument not well-taken.

### B. Significant Amount of Jobs

The Plaintiff argues that the Commissioner has not met the burden of identifying a significant number of jobs in the economy that accommodate the Plaintiff's residual functional capacity. The Social Security Regulations provide:

> If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled. We will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy.

20 C.F.R. § 404.1560(b)(3) (emphasis added). Because the ALJ found that the Plaintiff could perform past relevant work, he was not required to proceed to the fifth step of the sequential evaluation process. Accordingly, the Court finds that the Plaintiff's argument is without merit.

## VI.     CONCLUSION

Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence to determine Plaintiff is capable of performing light work with certain enumerated restrictions. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[5] that the Plaintiff's Motion for Judgment on the Pleadings [**Doc. 10**] be **DENIED**, and that the Commissioner's Motion for Summary Judgment [**Doc. 12**] be **GRANTED**.

Respectfully submitted,


　　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370 (6th Cir. 1987).